1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANITA M. FREEMAN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO,<br><br>　　　　　　　Defendant. | Case No. 17-cv-180-BAS(JLB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii); AND**<br><br>**(3) TERMINATING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>**[ECF Nos. 2, 3]** |

On January 30, 2017, Plaintiff Chanita M. Freeman, proceeding *pro se*, commenced this action against Defendant Superior Court of California, County of San Diego ("Superior Court") for violations of the Fourteenth Amendment related to the custody status of Ms. Freeman's biological son and a restraining order issued by the Superior Court in December 2014 against the son's biological father. According

to Ms. Freeman, she and the biological father share joint custody of their son, which is memorialized in a divorce decree.

In December 2016, Ms. Freeman previously filed two substantially similar actions on the same day in this district arising from the same nucleus of operative facts in *Freeman v. Superior Court of California, County of San Diego*, No. 16-cv-3081-DMS(WVG), and *Freeman v. Francis*, No. 16-cv-3082-MMA(BGS). The former case, which was dismissed *sua sponte* without prejudice, includes the exact same factual allegations against the same defendant as this case with overlapping claims; the latter case, which remains open, includes substantially similar factual allegations as this case, but is an action against the son's stepmother. This action is, in essence, a continuation of the former case Ms. Freeman brought against the Superior Court.

Presently before the Court is Ms. Freeman's motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. (ECF Nos. 2-3.) For the reasons discussed below, the Court **GRANTS** Ms. Freeman's motion to proceed IFP, **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **TERMINATES AS MOOT** Ms. Freeman's motion for appointment of counsel.

I.     **MOTION FOR** *IN FORMA PAUPERIS*

The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because

of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See e.g., Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds, Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995) (finding that a district court did not abuse its discretion in requiring a partial fee payment from a prisoner who had a $14.61 monthly salary and who received $110 per month from family). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321); *see also Allen v. Kelly*, 1995 WL 396860, at *2 (N.D. Cal. June 29, 1995) (holding that a plaintiff who was initially permitted to proceed *in forma pauperis* should be required to pay his $120 filing fee out of a $900 settlement). In addition, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Ms. Freeman's IFP application, the Court finds that Ms. Freeman meets the requirements in 28 U.S.C. § 1915 for IFP status. Ms. Freeman is an unemployed 35-year-old receiving $264.02 monthly disability income. (IFP Mot. ¶¶ 1-2, 11.) Though Ms. Freeman indicates that she owns a home and a vehicle, she has no money in her checking account and lists no other liquid assets. (*Id.* ¶¶ 4-5.) In contrast, Ms. Freeman's expenses amount to almost $2,300 per month. (*Id.* ¶ 8.) Ms. Freeman's expenses and debt are clearly greater than her current sources of income. Consequently, the Court finds that requiring Ms. Freeman to pay the court

filing fee would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

In light of the foregoing, the Court **GRANTS** Ms. Freeman's application for leave to proceed *in forma pauperis*. (ECF No. 2.) However, if it appears at any time in the future that Ms. Freeman's financial picture has improved for any reason, the Court will direct Ms. Freeman to pay the filing fee to the Clerk of the Court. **This includes any recovery Ms. Freeman may realize from this suit or others, and any assistance Ms. Freeman may receive from family or the government.**

## II.    SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or . . . seeks monetary relief against a defendant who is immune from such relief[.]" *Lopez v. Smith*, 203 F.3d 1122, 1141 n.6 (9th Cir. 2000) (en banc); *see also* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

//
//

As currently pled, Ms. Freeman's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Framed as violations of the Fourteenth Amendment, which the Court construes as civil-rights claims asserted under 42 U.S.C. § 1983, Ms. Freeman alleges the following wrongful conduct: (1) the Superior Court's failed to contact Ms. Freeman about her son following the issuance of the temporary restraining order and "aided Mrs. Francis [the stepmother] in keeping him from me, despite her admitting that she was not his biological mother and his biological father was incarcerated"; and (2) the Superior Court "continu[ed] to aid Mrs. Francis" and failed to release the son to Ms. Freeman even after "the county discover[ed] there was a divorce decree between myself and my son's father." Having reviewed Ms. Freeman's constitutional claims against the Superior Court, the Court finds that the claims are barred by absolute judicial immunity and the Eleventh Amendment.

### A. Judicial Immunity

Judges are absolutely immune from suit pursuant to 42 U.S.C. § 1983 arising from judicial acts taken within the jurisdiction of their courts. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). A judge does not lose absolute immunity merely because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *See Stump*, 435 U.S. at 356. "A judge loses absolute immunity only when he [or she] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citing *Stump*, 435 U.S. at 356-57 & n.7).

//
//
//

A judicial action is taken in the "clear absence" of jurisdiction only when judicial officers "rule on matters belonging to categories which the law has expressly placed beyond their purview." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981) (discussing the distinction between actions taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction"). "Jurisdiction should be broadly construed to effectuate the policies supporting immunity." *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (en banc). An act is judicial in nature when it involves "a function normally performed by a judge." *See Stump*, 435 U.S. at 362.

Ms. Freeman asserts Fourteenth Amendment violations against the Superior Court, and more specifically, the Honorable Patricia Guerrero for two actions: (1) failing to contact Ms. Freeman about her son when her son's custody status was at issue; and (2) failing to release the son to Ms. Freeman despite being informed about the divorce decree, which establishes a joint-custody arrangement between Ms. Freeman and the father. However, even if the Court assumes, for the sake of argument, that the Superior Court's actions were in error, the Superior Court is absolutely immune from liability. *See Mireles*, 502 U.S. at 11-12.

There are no facts presented to the Court suggesting that the Superior Court "act[ed] in the clear absence of all jurisdiction or perform[ed] an act that is not judicial in nature." *See Schucker*, 846 F.2d at 1204. Rather, the circumstances described suggest that the Superior Court—more specifically, the Family Law Branch—acted within the scope of its jurisdiction when it made a custody determination regarding Ms. Freeman's son. *See O'Neil*, 642 F.2d at 369 (noting that even a "grave procedural error" by a judge "does not pierce the cloak of immunity"). The circumstances described also suggest that the Superior Court performed acts judicial in nature when it issued an order regarding the custody status of Ms. Freeman's son. *See Stump*, 435 U.S. at 362.

//

In sum, Ms. Freeman's complaint wholly fails to allege facts demonstrating that the Superior Court "act[ed] in the clear absence of all jurisdiction or perform[ed] an act that is not judicial in nature." *See Schucker*, 846 F.2d at 1204. Therefore, Ms. Freeman's constitutional claims against the Superior Court are barred by absolute judicial immunity. *See Mireles*, 502 U.S. at 11-12.

### B.     Eleventh Amendment

To the extent that a plaintiff is purporting to state any claims against the Superior Court arising from the actions of its judicial officials, such claims are barred by the Eleventh Amendment because a Superior Court is treated as a state agency for purposes of 42 U.S.C. § 1983 litigation. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court . . . because such suits are barred by the Eleventh Amendment."); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh Amendment purposes). The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).

To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity). Furthermore, Congress has not repealed state sovereign immunity against suits brought under 42 U.S.C. § 1983. Therefore, Ms.

Freeman is also barred by the Eleventh Amendment from raising any federal civil-rights claims against the Superior Court.

### III. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Ms. Freeman's motion to proceed IFP (ECF No. 2), and **DISMISSES WITH PREJUDICE** the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because Ms. Freeman fails to state a claim upon which relief may be granted and "seeks monetary relief against a defendant who is immune from such relief[.]" *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."); *Lopez*, 203 F.3d at 1141 n.6. The Court also **TERMINATES AS MOOT** Ms. Freeman's motion for appointment of counsel (ECF No. 3).

**IT IS SO ORDERED.**

DATED: February 28, 2017

Hon. Cynthia Bashant
United States District Judge